UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DOROTHY JOHNSON | * | CIVIL ACTION |
|     Plaintiff | * | NO.: |
| Versus | * | |
| | * | |
| CLARK GIN SERVICE, INC.; STATE | * | |
| FARM MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY; AND | * | SECTION: |
| NATIONAL RAILROAD | * | |
| PASSENGER CORPORATION | * | |
| | * | |
| | * | |
| | * | |
| | * | MAGISTRATE: |
| | * | |
|     Defendants | * | |

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Dorothy Johnson, a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana, who respectfully represents, to wit:

I.

Made Defendants herein are:

Clark Gin Service, Inc. ("Clark"), a foreign corporation, domiciled in the State of Mississippi, with its principal place of business in Clarksdale, Mississippi;

State Farm Mutual Automobile Insurance Company ("State Farm"), a foreign insurance company, authorized to and doing business in the State of Louisiana; and

National Railroad Passenger Corporation ("Amtrak"), a corporation organized and existing by virtue of an Act of Congress and authorized to and doing business in the State of

1

Louisiana as an interstate carrier, engaged in interstate transportation, operating an interstate system of railroads in and through various states including the State of Louisiana.

II.

At all times relevant thereto, Defendant Amtrak was doing business and conducting rail operations and has places of business in and through several states including rail operations and places of business within the confines of the Eastern District of Louisiana, where this action is filed.

III.

At all times pertinent hereto, the Amtrak train of which Plaintiff was a crew member was operating on tracks under control by Defendant Amtrak.

IV.

At all times pertinent hereto, Defendant Amtrak was an interstate carrier by rail and was engaged in interstate transportation and commerce. Plaintiff, Dorothy Johnson, was employed by Defendant Amtrak as a Sleeper Attendant, and as such was working and engaged in interstate commerce and transportation at the time set forth herein and said work directly, closely, and substantially affected the general interstate commerce carried on by Defendant Amtrak.

V.

Plaintiff's rights and remedies against Defendant Amtrak arise under the Federal Employer's Liability Act, 45 USC §51, et seq. ("the FELA"), and the jurisdiction of this Honorable Court exists under the provisions of the FELA.

VI.

This Honorable Court has jurisdiction over Plaintiff's "non-FELA" claims pursuant to 28 USC §1367. Specifically, this Honorable Court has jurisdiction over the claims asserted against

the "non-FELA" defendants in that those claims, like the FELA claims, form part of the nexus of facts in controversy.

## VII.

Venue is proper in this matter pursuant to the terms of 28 USC §1391, in that Amtrak owns, operates and maintains equipment, rail yards and tracks in Orleans Parish resulting in Amtrak possessing sufficient minimum contacts in the Eastern District of Louisiana.

## VIII.

On or about September 10, 2013, Plaintiff, Dorothy Johnson, was assigned to work aboard Amtrak Train No. 59, also known as "The City of New Orleans", which was en route from Chicago, Illinois to New Orleans, Louisiana. Specifically, Plaintiff sustained severe injuries to her head, neck, left knee, lower back, left shoulder and arm, *inter alia,* when she was violently thrown about the train due to a crash between the Amtrak train and a tractor-trailer owned and operated by a driver for Defendant Clark a few miles south of Tchula, Mississippi. Plaintiff avers that she is free from fault and that she did not contribute in any manner whatsoever to the occurrence of this accident.

## IX.

Specifically, but without limitation, Plaintiff asserts that the injuries and damages sustained on September 10, 2013 came as a result, in whole or in part, of the negligence, recklessness and carelessness of Defendant Clark, its officers, employees, agents, and driver, in that it:

1. Failed to maintain a proper lookout;
2. Failed to have its driver be attentive to traffic conditions around him;

3. Failed to observe ordinary care and caution commensurate with the surrounding circumstances;

4. Failed to yield the right of way to the approaching train;

5. Placed the Clark vehicle upon the track when it was unsafe to do so;

6. Attempted to cross the track when it was unsafe to do so;

7. Blocked the track with a portion of the Clark vehicle;

8. Failed to remove the Clark vehicle from the tracks to provide a safe, clear passage of the approaching train;

9. Failed to give a reasonable warning; and

10. Failing to follow applicable federal state rules and regulations.

## X.

At all times relevant hereto, the driver of the Clark vehicle was in the course and scope of his employment with Defendant Clark, thereby rendering Defendant Clark vicariously liable for the negligence of its employee driver.

## XI.

On information and belief, at the time of the instant accident, Defendant State Farm had in full force and effect a policy of liability insurance providing coverage in favor of Defendant Clark and for the claims asserted by Plaintiff, thereby rendering Defendant State Farm liable, *in solido*, for the negligence of Defendant Clark.

## XII.

Plaintiff's action against Defendant Amtrak is brought pursuant to the Federal Employer's Liability Act, 45 USC§51, et seq., the FELA, to recover damages for personal injuries sustained by Plaintiff while employed by Defendant Amtrak and while engaged in

interstate commerce. At all times mentioned in this complaint, Defendant Amtrak was a common carrier by railroad. At all times relevant thereto, Plaintiff was an employee of Defendant Amtrak, was in the course and scope of her employment, and employed by Defendant Amtrak to further Defendant Amtrak's above described activities of commerce between any of the several states by railroad pursuant to the provisions of 45 USC§51, et seq., Defendant Amtrak had a non-delegable duty to provide Plaintiff with a safe place to work.

## XIII.

The injuries and damages sustained by Plaintiff on September 10, 2013 were due in whole or in part to the negligence of Defendant Amtrak, its agents, servants or employees acting in the course and the scope of their employment. Defendant Amtrak and its agents failed to provide Plaintiff with a safe place to work and a safe road crossing in the following manner:

1. Failing to provide a reasonably safe place in which to work:
2. Failing to control obstructions to the view of the motoring public due to vegetation and trees along the track;
3. Failing to install properly placed railroad crossbuck signs, stop sign, and advanced warning sign;
4. Failing to maintain smooth crossing surfaces for vehicles to traverse so a motorist could watch for oncoming trains without having to be on the lookout for road defects;
5. Failing to properly warn Plaintiff of the dangers;
6. Creating and permitting the dangers and hazards to exist in the Train's path;
7. And any and all other acts of negligence which may be shown at trial on the merits of this matter.

### XIV.

As the approximate and legal result of the occurrence of September 10, 2013, Plaintiff has suffered injuries to her mind and body. In all reasonable probability, Plaintiff will continue to suffer in this manner for many years, if not for the balance of her natural life. These injuries may be permanent in nature. Plaintiff has lost wages in the past and may suffer a loss of future wages, benefits, and earning capacity. Plaintiff will show that, due to the incident described above, she may suffer permanent and physical impairments and the loss of life's pleasures. Because of the nature and the consequences of her injuries, Plaintiff has suffered great physical and mental pain, sufferings, and anguish, and in all reasonable probability, may continue to suffer in this manner for the balance of her natural life.

### XV.

As a further result thereof, Plaintiff has incurred expenses for medical care and treatment, such as physician's fees, medical supplies, appliances, medicine, hospitalization and related services. These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and they were the customary charges made for such services in the area in which they were rendered.

### XVI.

As a further result of the injury sustained by the Plaintiff, there is a reasonable probability that she will incur future expenses for her medical care and attention.

### XVII.

Plaintiff has also suffered emotional injury together with lost wages, mental pain and anguish as a direct result of the negligence and unlawful acts of Defendants Clark, State Farm and Amtrak.

## XVIII.

Plaintiff further demands and requests that all issues herein be tried before a jury herein.

**WHEREFORE,** Plaintiff prays that Defendants Clark, State Farm and Amtrak be duly cited and served with the instant Complaint for Damages and be made to appear and answer same, and after all due proceedings had, there be judgment rendered herein in favor of Plaintiff and against Defendants, jointly, severally, and *in solido*, for damages in excess of $75,000.00, exclusive of interest and costs; post judgment interest at the legal rate against all defendants; pre-judgment interest against all non-FELA defendants; attorney's fees; court costs; and all general and equitable relief.

**Respectfully Submitted,**

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

BY:     /s/ Blake G. Arata, Jr.
                **BLAKE G. ARATA, JR. #1697**
                **C. PERRIN ROME, III #17774**
                **W. CHAD STELLY #21140**
                650 Poydras Street, Suite 2017
                New Orleans, Louisiana 70130
                Telephone: (504) 522-9980
                Facsimile: (504) 522-9971
                **barata@romearata.com**
                **wcstelly@romearata.com**
                **Attorneys for Plaintiff, Dorothy Johnson**